# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-CV-91-JMB |
| ST. LOUIS COUNTY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Clint Phillips, III, for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice, and will deny as moot plaintiff's motion to appoint counsel.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. He filed the complaint pursuant to 42 U.S.C. § 1983 against St. Louis County. His claims stem from an action pending in St. Louis County that he identifies as "Clint Phillips v. Patrice Walls."[1] (ECF No. 1 at 6).

In setting forth his statement of claim, plaintiff writes: "On Nov. 14th 2021; I had a hearing that I was given no notice of by my attorney nor the County and I've given them the proper address." *Id.* at 6. Plaintiff alleges "the hearings" were held "ex parte," which amounts to a violation of his Fifth and Fourteenth Amendment rights. *Id.* He complains that the case has been pending too long, and he alleges his attorney is doing a poor job and does not answer the phone when he calls.

As relief, plaintiff seeks "$5,000,000,00 in damage, and to acknowledge plaintiffs when they have a court date as per federal law." *Id.* at 5.

## Discussion

To state a claim against St. Louis County, plaintiff must allege that a constitutional violation resulted from a county policy or custom. *See Monell v. Dept. of Social Services of City*

---

[1] Review of the relevant records on Missouri Case.net reveals more than one case styled "Clint Phillips v. Patrice Walls."

*of New York*, 436 U.S. 658, 690-91 (1978).  The instant complaint contains no such allegations. Even if plaintiff had named his attorney as a defendant, this action would be subject to dismissal. Plaintiff does not allege, nor is it apparent, that his attorney acted under color of state law, as necessary to state a § 1983 claim against her. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court finds this action is frivolous and/or fails to state a claim upon which relief may be granted, and will therefore dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __21st_____ day of April, 2022.

\s\  Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE